UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| APPLIANCE ZONE, LLC, ) | | |
| An Indiana Limited Liability Co., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 4:09-cv-89-SEB-WGH | |
| ) | | |
| NEXTAG, INC., ) | | |
| A California Corporation, ) | | |
| ) | | |
| Defendant. ) | | |

## ORDER ON PLAINTIFF'S MOTION
## FOR EXPEDITED DISCOVERY

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion for Expedited Discovery filed by plaintiff on July 17, 2009. (Docket Nos. 16-17). The Magistrate Judge granted plaintiff's motion on July 28, 2009, by a proposed order. (Docket No. 30). Defendant filed its Motion of Nextag, Inc. to Dismiss Or, in the Alternative, to Transfer Venue on July 27, 2009. (Docket Nos. 28-29). A Memorandum of Points and Authorities in Support of Defendant Nextag, Inc.'s Opposition to Motion for Expedited Discovery was then filed on July 31, 2009. (Docket No. 31). Plaintiff's Reply in Support of Motion for Expedited Discovery was filed on August 4, 2009. (Docket No. 33).

The Magistrate Judge, being duly advised, now **RECONSIDERS** his previous order of July 28, 2009, but concludes that the plaintiff's motion should in any event be **GRANTED, in part.**

Plaintiff's First Amended Verified Complaint filed in this case on June 26, 2009 (Docket No. 14) is an action brought pursuant to the Lanham Act, 15 U.S.C. § 1114, *et seq.,* to enjoin trademark and service mark infringement and to recover damages and for an accounting of defendant's profits arising from alleged unlawful activities.  In its prayer for relief, plaintiff seeks "[a]n order temporarily, preliminarily, and permanently enjoining Defendant . . . from the manufacture, marketing, promotion and sale of any product or services in association with the plaintiff's APPLIANCE ZONE Marks or any other confusingly similar marks, designations, or indicia; . . . ."  However, plaintiff has not filed a motion seeking a hearing on preliminary injunctive relief, and the amended complaint seems to allege that "the bulk" of any alleged infringing activities have ceased.

On July 27, 2009, defendant filed a Motion to Dismiss or, in the Alternative, to Transfer Venue to the Northern District of California arguing that the dispute in this case arises out of the breach of a contract between the parties which contains a forum selection clause requiring all matters to be resolved in the Northern District of California.

It has yet to be determined whether plaintiff's amended complaint will be dealt with as an alleged violation of the Lanham Act outside the scope of the contract or as a dispute arising out of the contract which is governed by the forum selection clause.  As the resolution of that issue may take some time, the Magistrate Judge must consider whether some form of expedited discovery should be allowed in this case.

The Magistrate Judge has reviewed the Declarations of Claire Hough, Stephen J. Kottmeier, and Christie A. Moore, and from this information, as well as a review of the Declaration of Amy S. Cahill, Esq., concludes that defendant has taken reasonable steps to prevent the destruction of important electronic data in this case. There is, therefore, no need for expedited discovery between the parties to this litigation in order to prevent destruction of electronic data relevant to this case. To that end, the Magistrate Judge's prior order requiring expedited discovery is **RESCINDED,** and the parties are **ORDERED** to meet and confer, as required by Federal Rule of Civil Procedure 26, within ten (10) days of the date of this entry to discuss a proposed protective order and to determine whether a further motion for expedited discovery is required between the parties.

However, plaintiff has issued certain subpoenas to non-parties. Because those non-parties are not otherwise subject to requirements that they preserve data, and because the nature of this claim involves the alleged use of Appliance Zone marks through a website designed to expedite electronically purchased items, the Magistrate Judge believes that there is a potential for inadvertent destruction of important evidence by those non-parties. The subpoenas issued by plaintiff shall stand, and compliance with the subpoenas may be enforced by appropriate motion, if necessary.

SO ORDERED.

**Dated:** August 12, 2009

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com

Heather L. Wilson
FROST BROWN TODD LLC
hwilson@fbtlaw.com